————o————

MARY F. GARRARD and HUSBAND, Appellants, *vs.* BAALIS DAVIS, Respondent.

1. The omission of one of the grantor's names in recording a deed, does not vitiate it.

*Appeal from Livingston Circuit Court.*

*L. T. Collier & A. S. Harris,* for Appellants.

*C. H. Mansur & W. C. Samuel,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment for some real estate in the City of Chillicothe in Livingstone county.

The petition claims that the property belongs to the plaintiff, Mary J. Garrard, who was formerly Mary J. Lansing, and left a widow by the death of her former husband, Henry W. Lansing. After the death of Henry W. Lansing she married the plaintiff, Richard F. Garrard.

The answer denies that the plaintiffs are entitled to the property, and sets up the defense, that the plaintiff, Mary J. Garrard, when she was the wife of Henry W. Lansing, joined with him in a deed of trust, executed to William C. Samuel in the year 1859, whereby said property was conveyed to said Samuel in fee to secure the payment of a note for one thousand dollars, due from said Henry W. Lansing to one Spencer H. Gregory, with power in Samuel, as trustee, to sell the property and foreclose the deed of trust, on the non-payment of the money. The answer further alleges, that this deed of trust was duly foreclosed by the trustee, and that one

Yager bought the property and took a deed for same from the trustee, and entered into possession under his purchase, and sold and conveyed the same to the defendant.

The answer further states, that the deed of trust so made by the plaintiff, Mary J. Lansing, and her then husband, has been lost or destroyed, and that there is an error in the record of this deed of trust; that the Recorder, in copying the deed of trust on the record, omitted the name of Mary J. Lansing in the deed, and such omission makes it appear, that she was not a grantor, when in fact in the original deed her name does appear as one of the grantors.

The answer further avers, that certain deeds under which the plaintiffs claim were fraudulent and void as to the creditors of Henry W. Lansing.

The case was submitted to the court for trial, and upon the trial a large mass of evidence was introduced on the question of fraud in the deeds, under which the plaintiffs claim title; but in the view that I take of the case, it is unnecessary to notice this question.

If Mary J. Lansing actually joined with her husband as a grantor in the execution of the deed of trust to Samuel, her title passed by the foreclosure sale and is now vested in the defendant. That she was one of the grantors or intended to be one, is manifest to my mind from the proofs in the case. The record of the deed omits her name in the granting part, but refers to more than one grantor by naming them as the "parties of the first part." She actually signed and executed the deed, and it was duly acknowledged by her before the proper officer.

After the death of her husband, Henry W. Lansing, and after the foreclosure of the deed of trust, she claimed the overplus of the purchase money in the hands of Samuel as belonging to her, as owner of the property when the deed of trust was made. She claimed it upon the ground, that she had executed the deed of trust as a grantor, and as such, was entitled to the overplus. Samuel thought by the terms of the deed of trust it ought to go to the legal representatives of Henry W. Lansing.

This question was submitted on an agreed case to the Circuit Court, and that court decided in favor of Mrs. Lansing, and entered judgment in her favor for the same. After the rendition of this judgment Mrs. Lansing received the money and executed a receipt for the same, acknowledging that she was one of the grantors in the deed of trust holding the title. These acts were performed by Mrs. Lansing, after the death of her husband, and when she was *sui juris*.

From these acts of ratification and admissions, I am well satisfied that Mrs. Lansing joined with her husband as one of the grantors in the deed of trust.

Upon the whole record, the judgment seems to be for the right party.

Judgment affirmed. Judges Vories and Sherwood concur; Judges Napton and Wagner absent.